UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>DAVID C. DRUMMOND,<br>JOHN P. HAYES,<br>PATRICK E. MURPHY, )<br><br>Defendants. ) | Civil Action No. |

## COMPLAINT

Plaintiff Securities and Exchange Commission ("Commission") alleges the following

against defendants David C. Drummond ("Drummond"), John P. Hayes ("Hayes"), and Patrick E.

Murphy ("Murphy"):

## SUMMARY

1.      This enforcement action involves the defendants' conduct while employed as

executives at SmartForce PLC, ("SmartForce"), a company which, as the result of a merger in

2002, is now known as SkillSoft PLC ("SkillSoft").  At all relevant times, SmartForce was a

public company that provided an Internet-based management and technology platform for

training courseware, seminars, and reference materials geared toward business and IT

professionals.  SkillSoft now maintains its principal place of business in New Hampshire.

2.      Before the markets opened on November 19, 2002, SkillSoft announced that in the process of preparing SmartForce's closing balance sheet, SkillSoft identified several accounting issues concerning generally accepted accounting principles in the United States ("GAAP") that would require SkillSoft to restate SmartForce's historical financial statements for the three-year period ended December 31, 2001 and for the six months ended June 30, 2002 (the "Restatement Period"). Although the precise amount of the restatement was unknown at the time, SkillSoft estimated that SmartForce had prematurely recognized approximately $35 million to $40 million in revenue. The company also announced, along with the accounting restatement, that SkillSoft would be exiting three service lines of business with an approximately $30 million annual reduction in revenue, and that SkillSoft had been experiencing materially lower renewal rates. The day after the announcement, SkillSoft's stock price fell from $4.63 per share to $3.07 per share, a drop of 33.7 percent.

3.      On September 22, 2003, SkillSoft filed with the Commission a Form 8-K/A, restating SmartForce's historical financial statements for the three-year period ended December 31, 2001 and for the six months ended June 30, 2002. In the restatement, SkillSoft corrected multiple inaccurate accounting entries - primarily misapplication of certain revenue recognition principles by SmartForce, which had resulted in an overstatement of revenue by $113.6 million and net income by approximately $127 million during the Restatement Period.

4.      Murphy and Hayes shared the primary responsibility for the accounting decisions at SmartForce and for making sure that such accounting complied with GAAP. Murphy was responsible for the accounts from the Americas and Australia, which constituted 70 percent of

2

SmartForce's business, while Hayes was responsible for the European and South African accounts, which represented the other 30 percent of SmartForce's business.

5. Drummond was hired as the chief financial officer ("CFO") of SmartForce in July 1999. Drummond is a lawyer who had been a partner at a major law firm and who had no formal accounting training or background. Accordingly, the accounting function was handled primarily by Hayes and Murphy although Drummond, in his capacity as CFO, ultimately had responsibility for SmartForce's financial statements.

6. On or about July 19, 2007, the Commission issued an Order Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Section 21C of the Securities and Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice, Making Findings, Imposing a Cease-And-Desist Order, Remedial Sanctions, and Other Relief in which the respondents included Drummond, Murphy, and Hayes (the "Commission Order"). A copy of the Commission Order is attached hereto as Exhibit A.

7. By engaging in the transactions and practices set forth in the Commission Order, Drummond, Murphy, and Hayes: (i) failed to implement a system of internal accounting controls at SmartForce, in violation of Section 13(b)(5) of the Securities Exchange Act of 1934 ("Exchange Act"); and (ii) aided and abetted SmartForce's violations of its reporting, record-keeping, and internal controls obligations under Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13 thereunder.

8. Accordingly, the Commission seeks the imposition of a civil monetary penalty against the defendants.

3

## JURISDICTION AND VENUE

9.      The Commission seeks the imposition of a civil monetary penalty pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

10.     This Court has jurisdiction over this action pursuant to Sections 21 and 27 of the Exchange Act [15 U.S.C. §§78u and 78aa].  Venue is proper in this District because SkillSoft maintains its principal executive offices in New Hampshire.

11.     In connection with the conduct described in the Commission Order, the defendants directly and indirectly made use of the mails or the means or instruments of transportation or communication in interstate commerce.

## DEFENDANTS

12.     Drummond, age 43, is a resident of San Jose, California.

13.     Murphy, age 56, is an Irish citizen residing in Ireland.

14.     Hayes, age 52, is an Irish citizen residing in Ireland.

## STATEMENT OF FACTS

15.     In addition to facts set forth in paragraphs 1-14 herein, the defendants' conduct is described specifically in Section III of the Commission Order (Exhibit A hereto) and incorporated herein by reference.

4

### FIRST CLAIM FOR RELIEF
### (Section 13(b)(5) of the Exchange Act)

16.     The Commission repeats and incorporates by reference the allegations in
paragraphs 1-15 of the Complaint as if set forth fully herein.

17.     The defendants' conduct as herein alleged constituted violations of Section
13(b)(5) of the Exchange Act  [15 U.S.C. §78m(b)(5)].

18.     The defendants' conduct as herein alleged justifies the imposition of a civil
penalty within the meaning of Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

### SECOND CLAIM FOR RELIEF
### (Section 13(a) of the Exchange Act and Rules 12b-20, 13a-1 and 13a-13)

19. .    The Commission repeats and incorporates by reference the allegations in
paragraphs 1-18 of the Complaint as if set forth fully herein.

20.     SmartForce's conduct as alleged herein constituted violations of Section 13(a) of
the Exchange Act [15 U.S.C. §78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17
C.F.R. §§240.12b-20, 240.13a-1, 240.13a-13].

21.     The defendants knew or recklessly disregarded that SmartForce's conduct was
improper and each knowingly rendered to SmartForce substantial assistance in this conduct.  As
a result, defendants aided and abetted SmartForce's violations of Section 13(a) of the Exchange
Act and Rules 12b-20, 13a-1 and 13a-13 thereunder.

22.     The defendants' conduct as herein alleged justifies the imposition of a civil
penalty within the meaning of Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

5

## THIRD CLAIM FOR RELIEF
### Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act)

23.    The Commission repeats and incorporates by reference the allegations in paragraphs 1-22 of the Complaint as if set forth fully herein.

24.    SmartForce's conduct as alleged herein constituted violations of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)] and 13(b)(2)(B) of the Exchange Act [15 U.S.C. §78m(b)(2)(B)].

25.    The defendants knew or recklessly disregarded that SmartForce's conduct was improper and each knowingly rendered to SmartForce substantial assistance in this conduct. As a result, defendants aided and abetted SmartForce's violations of Sections 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act.

26.    The defendants' conduct as herein alleged justifies the imposition of a civil penalty within the meaning of Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court enter a final

judgment ordering the defendants to pay a civil penalty pursuant to Section 21(d)(3) of the
Exchange Act [15 U.S.C. §78u(d)(3)].

Respectfully submitted,


 /s/ David P. Bergers
David P. Bergers
Regional Director

Martin F. Healey
Regional Trial Counsel (Mass. Bar No. 227550)

Philip C. Koski
Assistant Regional Director (Mass. Bar No. 568073)

Carlos J. Costa-Rodrigues
Senior Enforcement Attorney (Mass. Bar No. 555912)

Attorneys for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
33 Arch Street, 23rd Floor
Boston, MA  02110
(617) 573-8933  (Costa-Rodrigues)
(617) 573-4590  fax

Dated:   July 19, 2007

7